THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PRESTON HALL, Also Known as JULIUS MIDDLETON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 9, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered October 10, 1945 on his plea of guilty, convicting him of attempted rape in the second degree, and imposing sentence. The District Attorney joins defendant in requesting reversal and remission to the Supreme Court for a hearing. Order reversed on the law and the facts and matter remitted to the Criminal Term, Supreme Court, Kings County, for a hearing and for further proceedings not inconsistent herewith. On this record, we believe defendant is entitled to a hearing on the issue as to whether *he* was misled by the court, albeit inadvertently, into believing that he was pleading guilty to a misdemeanor rather than to a felony. Kleinfeld, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm, with the following memorandum: On October 10, 1945 defendant pleaded guilty to the felony of attempted rape in the second degree, but for purposes of sentence he was treated as a misdemeanant. Such treatment was accorded to him pursuant to a promise made to him by the court at the time of his plea. He was sentenced to an indeterminate term not exceeding three years. In my opinion, the proof is insufficient to entitle defendant to a hearing on the question as to whether he believed that the crime charged was a misdemeanor or that he was pleading guilty to a misdemeanor.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS LO PRIMO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered October 19, 1962 after a jury trial, convicting him of operating a policy business (Penal Law, § 974-a); possession of policy slips (Penal Law, § 975); book-making (Penal Law, § 986); and possession of book-making records (Penal Law, § 986-b), and imposing sentence. Judgment affirmed. We neither approve nor condone the Assistant District Attorney's conduct in arguing in his summation with respect to what he assumed were the total annual policy collections of the defendant, or with respect to what he assumed was the defendant's income from policy operations. These matters had no bearing on the defendant's guilt or innocence of the crime charged. However, the error did not prejudice any of the defendant's substantial rights, and in the absence of any such prejudice the judgment should be affirmed (Code Crim. Pro., § 542). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.